## Hiles vs. McFarland and another.

1. REPLEVIN — PRACTICE. — Judgment of discontinuance and not of nonsuit is the proper judgment in case the plaintiff does not declare within the time prescribed by statute.

2. SAME. — The plaintiff is not bound to declare, until there has been a personal service or an appearance.

3. SAME. — The circuit court has power after such judgment of discontinuance to vacate it for cause. But see *Hutchinson v. McClellan*, 2 Wis., 17; *Elmore v. Garvey*, 4 Wis., 152.

4. SAME — ALIAS WRIT. — An *alias* writ of replevin may issue and be directed to the sheriff of any county other than the one in which the suit is brought.

(4 Chand., 89.)

ERROR to the Circuit Court for *Sauk* County.

*Hiles* brought an action of replevin against *McFarland* and *Kingsbury* for certain goods and chattels, the writ having been made returnable at the September term, 1850. It was returned to the clerk's office before term, July 27, 1850, with an indorsement by the sheriff that he had replevied the property in question; but that the defendants were not to be found, and had no place of residence in his county. On the 19th of August following, the plaintiff filed his declaration; but neither of the defendants had appeared, and the declaration was not served on the defendants. At the return term of the writ, the plaintiff applied to the court for an *alias* writ, which was allowed, and issued February 14, 1851, directed to the sheriff of Columbia county, and this writ was returned on the 20th of the same month as having been served on the defendants on that day. At the March term, 1851, the defendants appeared and moved the court to enter judgment of nonsuit against the plaintiff, because the plaintiff did not declare within ten days after the return of the writ and for other reasons. Judgment of nonsuit was entered, as it was said in the printed case, and a writ of inquiry awarded to ascertain the value of the goods and damages. The value of the property was found at $1,040, and damages were assessed at $50. On motion, judgment was given against the plaintiff and his sureties for said sums and costs. A motion to set aside the nonsuit and inquisition was denied. The plaintiff sued out a writ of error.

*Moses M. Strong* and *W. H. Clark*, for plaintiff in error.

*John Delaney* and *C. C. Remington*, for defendants in error.

---

Anderson vs. The State.

---

*Per Curiam.* — The judgment in this cause must be reversed. The following points are decided :

I. There is no judgment of discontinuance or of nonsuit on the record, though it is conceded one or the other was entered at the circuit.

II. Judgment of discontinuance, and not nonsuit, is the proper judgment, in case the plaintiff has not filed his declaration in the time prescribed by statute.

III. An *alias* writ of replevin may issue, and be directed to the sheriff of any county, other than 'that in which the suit is brought.

IV. The plaintiff is not bound to declare until there has been a personal service or an appearance.

· V. The circuit court has power, after such judgment of discontinuance, to vacate it for cause.

Judgment reversed.